## McKESSON & ROBBINS, INC.
*vs.*
## BENJAMIN M. SHUSHKIEWICH ET ALS.

Court of Common Pleas  New Haven County  File No. 32478

MEMORANDUM FILED DECEMBER 22, 1941.

*Harry Lander,* of New Haven, for the Plaintiff.

*Franklin Coeller,* of New Haven, for the Defendant, Duduk.

FITZGERALD, J.   The above-entitled action, composed of

three counts, was returned to this court on the first Tuesday of December, 1941. The defendants are three in number— Benjamin M. Shushkiewich, Michael Szuszkiewicz and Kondrat Duduk (all with variations as to spelling).

The first count of the complaint has for its objective an alleged sale by plaintiff to *all defendants* of 12½ cases of whiskey on or about October 18, 1938, unpaid at the commencement of the action.

The second count of the complaint is somewhat different in pattern to the first count (it alleging specifically "an agreed price" in contrast to the "value" aspect stated in the first count), but nevertheless has for its objective an alleged sale by plaintiff to *all defendants* of 12½ cases of whiskey on or about October 10, 1938, unpaid at the commencement of the action.

The third count of the complaint has for its objective a certain demand promissory note alleged to have been executed *only by the defendant Benjamin M. Shushkiewich* in favor of the plaintiff on November 5, 1938, unpaid at the commencement of the action.

Apparently the defendant Duduk *is shocked by the arrangement* of plaintiff's complaint. Having been named as one of three defendants in a complaint which seeks the collection of alleged sales of that nefarious brand of merchandise known as "whiskey" (first and second counts), and then to have a third count refer to a seemingly innocent demand note (but alleged to be unpaid, nevertheless) outstanding against *only* his alleged business associate Shushkiewich, has *naturally upset the* peace and tranquility of his (Duduk's) state of mind. More than that, the scholarly mind of Duduk's counsel of record is equally upset, or, to be more accurate, made furious by the departure of plaintiff's counsel from the niceties of formal pleading. *Result*: the filing of the demurrer referred to in the caption to this memorandum.

If the sole question before the court concerned the propriety or impropriety of plaintiff's complaint, as described in the foregoing, said demurrer would be sustained for reasons therein stated. Clearly, the third count has no proper place in a complaint of this character. The first and second counts, concerning alleged sales of whiskey to *all defendants,* represent good pleading if not good whiskey, but the third count di-

rected only against one of the three defendants *de* a certain demand note, can have no place in this, a whiskey complaint.

The aforesaid demurrer was filed on December 8, 1941. Apparently plaintiff's counsel, when he received his copy of the same in the mail, recognized the correctness of the grounds of demurrer therein recited. *Result*: he prepared and attempted to file with the clerk an amendment to the complaint, having for its objective the deletion of the offending third count. Clerk Higgins, possessing a deep regard for procedural niceties, refused to accept said proposed amendment for filing purposes.

The culmination of all the foregoing: on Friday, December 19th, the court had before it for consideration the aforesaid demurrer and Duduk's counsel appeared in court with fire in his eye and thunder in his voice, urging upon the court the entering of "demurrer sustained." Plaintiff's counsel also appeared and explained to the court the dilemma in which he found himself and to which Clerk Higgins, in all his wisdom, contributed.

The court between coughs (for courts are in fact run by men, and men are subject to colds) endeavored to prevail upon Duduk's counsel to regard the situation more calmly, and to allow plaintiff's counsel then and there to refile his amendment. Alas! The suggestion fell on ears that would not hear, or hearing, would not be persuaded.

*Observations*: The demurrer, filed on December 8th, was of course filed within 20 days from the return day of the writ (December 2nd) as required under the rules. (*Practice Book* [1934] §86.) So, also, plaintiff as a matter of right could amend his complaint "without costs during the first thirty days after the return of the writ." (*Practice Book* [1934] §94.) In the instant case, therefore, we have this situation— the demurrer in question was interposed well within the required 20 days and the proposed amendment to plaintiff's complaint was offered for filing purposes within 30 days of the return day *but after said demurrer was filed and before argument thereon*. See *Practice Book* (1934) §93, *de* costs in a situation where a demurrer has been filed "and before argument thereon" the adverse party "moves for leave to file an amendment", etc. Only by implication may it be said that plaintiff has lost its right to amend as a "matter of right." It

should be noted, however, in passing, that the rules prescribed in the Practice Book are but guides for trial judges. The court feels that it has reposed in it certain discretionary powers which may be exercised under circumstances deemed by it to be appropriate. The defendant Duduk will not be prejudiced as to any substantial right by the action that the court is to take, *infra*.

*Conclusion*: Plaintiff's counsel is directed to refile forthwith the proposed amendment, and the clerk is directed to accept the same; the interposed and pending demurrer is declared suspended.